UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROSALIE DEROSA,
           Plaintiff,

v.    Civil Action No. 05-10376-RCL

AMTRAK POLICE DEPARTMENT
OFFICER HADDEN, AND OFFICER
BROWN,
           Defendants

## MEMORANDUM AND ORDER

For the reasons stated below, Plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, before that time why this case should not be dismissed.

## BACKGROUND

On February 15, 2005, Plaintiff Rosalie DeRosa filed an Application to Proceed Without Prepayment of Fees, accompanied by a two page handwritten letter complaining of personal injuries to her left breast and ankle as a result of an alleged altercation with Defendants, Amtrak police officers, which occurred at Union Station in Washington, D.C. almost three (3) years ago, on February 17, 2002. Plaintiff alleges that she was waiting for a train at Union station when she was approached by two white security people, who asked to see her ticket. She claims to have showed them her tickets and moved closer to the track as the train was approaching. She was then resting when two black Amtrak police officers approached her and asked to see her tickets. Plaintiff explained that she had just shown the tickets to the other officers, but showed them again. She states "he" wanted the tickets to hold them, and he grabbed the tickets from her. When Plaintiff would not let the tickets go, "he" started to beat her on the left arm and breast.

Plaintiff later went to the hospital and was diagnosed with contusions on the breast.

The medical records attached to Plaintiff's complaint indicate she suffered from breast cancer. Plaintiff alludes to, but does not expressly allege, that the beating led to her current treatment for breast cancer.

In her complaint, Plaintiff does not identify all the Defendants, nor does she state the relief sought. She also does not state the bases for jurisdiction of this Court, or any cause of action. The identity of the Defendants is gleaned from her Application to Proceed *in forma pauperis*, and other relevant information is taken from the Civil Cover Sheet accompanying her *pro se* pleading, which states the action is "Other Civil Rights," and she also seeks $10 million dollars. By separate Order, the Plaintiff's Application to Proceed *in forma pauperis* was allowed.

## ANALYSIS

I.  <u>Plaintiff's Claims are Subject to Preliminary Screening Pursuant to 28 U.S.C. § 1915</u>

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee. Her complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915. <u>See</u> 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2).

II. <u>Plaintiff's Complaint is Subject to Dismissal</u>

Although the Court recognizes that *pro se* complaints must be liberally construed, <u>Haines

v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff's claims in this case are nevertheless subject to dismissal. Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), such that the defendant is afforded a "meaningful opportunity to mount a defense," Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores PuertorriqueZos en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal ... minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

     Here, Plaintiff's complaint is deficient for a number of reasons. First, Plaintiff does not name the defendants in the complaint. As noted above, her Application to Proceed Without Prepayment of Fees contains the names of the alleged defendants, but no tortfeasor is identified in the Complaint itself. Plaintiff merely alleges that "he" beat her, but does not identify who that person is, nor does she indicate the basis for naming multiple defendants.

Second, even if this Court were to deem the Defendants to be the two Amtrak Police Officers referenced in other filings, Plaintiff fails to sufficiently set forth the basis for jurisdiction of this Court.

1. Diversity Jurisdiction

To the extent that Plaintiff is raising state tort claims for assault and battery, Plaintiff fails to provide any information as to the citizenship of the Defendants, in order for this Court to determine whether there is diversity jurisdiction. Additionally, although Plaintiff seeks $10 million in damages, she has not provided any *bona fide* grounds for this Court to find that her damages reasonably exceed $75,000, as required by 28 U.S.C. § 1332(a). Accordingly, it is impossible to determine at this juncture if Plaintiff meets the monetary jurisdictional prerequisite for diversity jurisdiction.

2. Improper Venue and Lack of Personal Jurisdiction

Third, since the incident occurred in Washington, D.C., she also has failed to establish that venue is proper in this District, or that there is any basis for this Court's assertion of personal jurisdiction over the defendants.[1]

3. Federal Question Jurisdiction

Finally, Plaintiff's complaint fails to sufficiently set forth her claims which would give rise to a federal cause of action which would invoke the federal question jurisdiction of this Court. See 28 U.S.C. § 1331. As noted, the Civil Action Cover Sheet accompanying her Complaint references a civil rights claim, the Complaint itself does not. Although Plaintiff

---

[1] Although these would not provide a basis for dismissal at this time, the issues are raised here so that Plaintiff may address these pleading deficiencies in her response.

alludes to the race of the police officers who approached her, however, she fails to provide any nexus between their race and the alleged beating upon her. She simply does not allege that the incident was racially motivated in any way. Moreover, she does not allege any disability or discrimination by the Defendants, an assertion which Plaintiff has previously made in other actions filed with this Court, based on the same type of altercations she has had with other public transit personnel.[2]

While the Court recognizes that Plaintiff could conceivably raise a § 1983 excessive force and/or unlawful seizure claims against Amtrak police officers, she has not pled such a claim in compliance with Fed. R. Civ. P. 8 (a). Had she done so, this Court would have federal subject matter jurisdiction over such claim (although the problems with venue and personal jurisdiction as noted above would still be present). [3]

---

[2] Plaintiff's prior litigation includes the following dismissed cases: <u>DeRosa v. Bangor City Bus, et al.</u>, Civil Action No. 04-12523-MEL; <u>DeRosa v. Allied Security</u>, Civil Action No. 04-10802-WGY; and <u>DeRosa v. Lawrence Police Dept. et al.</u>, Civil Action No. 03-10618-WGY.

[3] See <u>McDougall v. National R.R. Passenger Corp.</u>, 2005 WL 713339, *1 (E.D. Pa. March 15, 2005) (§1983 action against Amtrak arising out of its police officers actions in handcuffing and detaining Plaintiff); <u>Oshatz v. Amtrak</u>, 2003 WL 22872038, *1 (E.D. Pa. 2003)(claim of false imprisonment, assault and battery, negligence and intentional infliction of emotional distress by Amtrak police officer); <u>Spencer v. National R.R. Passenger Corp.</u>, 141 F. Supp 2d 1147, 1150 (N.D. Ill. 2001)(treating claims of passenger handcuffed and detained by railroad police officer alleging violations of Fourth, Six, and Fourteenth Amendment rights, as a § 1983 action; railroad police are "cloaked with the authority of the state" and therefore act "under color of state law."); <u>DeSilvis v. National R.R. Passenger Corp.</u>, 97 F. Supp. 2d 459, 460 fn2 (S.D.N.Y. 2000)("Amtrak enjoys a unique status in the American legal framework. In addition to being a "federal instrumentality" for the purpose of individual rights guaranteed against the [federal g]overnment by the [United States] Constitution...Amtrak is also a state actor for purposes of liability under section 1983 in utilizing its police power pursuant to 45 U.S.C. § 545(j)"); <u>Jacobson v. National R.R. Passenger Corp.</u>, 1999 WL 1101299, *5 (N.D. Ill. 1999)(Fourth Amendment claim to be free from unreasonable seizures arising out of Plaintiff's attempt to use restroom at Chicago's Union Station; no challenge to state actor status by Amtrak police officer presented); <u>Sisak v. National R.R. Passenger Corp.</u>, 1994 WL 144385, *4

CONCLUSION

ACCORDINGLY, for the reasons set forth above, Plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order unless Plaintiff shows good cause, in writing, before that time why it should not be so dismissed.

SO ORDERED.

|  |  |
|---|---|
|  | /s/ Reginald C. Lindsay |
|  | REGINALD C. LINDSAY |
| Dated: October 4, 2005 | UNITED STATES DISTRICT JUDGE |

---

(S.D.N.Y. 1994) (Amtrak police officer deemed to be a "state actor" under § 1983); See also Streetwatch, et al. v. National R.R. Passenger Corp., 875 F. Supp. 1055, 1063 (S.D.N.Y. 1995) (Amtrak police were state actors in suit challenging ejection or arrest of homeless persons at Penn. Station); Marroni v. Sykes, 1992 WL 151744, *3 (E.D. Pa. 1992)(Amtrak employee did not dispute state actor status under § 1983).